FILED
2017 Jul-07  PM 02:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| BEN PAGE, JOSHUA NUNN, JASON DEERMAN, SHANNON PEASE, AND CHRIS CONYERS, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. _____ ) |
| I LOVE SUSHI, INC., XUE'S BROTHER, INC., DEZHENG ("JIM") XUE, DELIANG ("DONNIE") XUE, and DEQI ("JOHNNY") XUE, | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

This is an action filed under the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et seq. (hereinafter the Fair Labor Standards Act or "FLSA"). The Plaintiffs seek payment for unpaid wages, overtime work and liquidated damages they are due because of Defendants' violations of the Fair Labor Standards Act. The Plaintiffs further seek reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## JURISDICTION & VENUE

1.    Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under laws of the

United States, and by 28 U.S.C. §1337, and arising under Acts of Congress regulating commerce.

2.      Venue in this court is proper pursuant to 28 U.S.C. §1391(d).

3.      Upon information and belief, the Defendants are Alabama companies located in Madison County, Alabama.  All Plaintiffs worked for the Defendants in this district.  Upon information and belief, the Defendants are companies registered to do business in Madison County, Alabama and employed the Plaintiffs during the times set forth in this Complaint.

4.      The cause of action set forth in this Complaint arose in this district.

<u>PARTIES</u>

A.  <u>Plaintiffs</u>

5.      Plaintiff, Ben Page ("Page"), is over the age of nineteen (19), is a resident of the State of Alabama, currently a resident of Madison County, Alabama, and is not currently employed by the Defendants.  Plaintiff, Joshua Nunn ("Nunn"), is over the age of nineteen (19), is a resident of the State of Alabama and Madison County, Alabama, and is not currently employed by the Defendants.  Plaintiff, Jason Deerman ("Deerman"), is over the age of nineteen (19), is a resident of the State of Alabama, currently a resident of Madison County, Alabama, and is not currently employed by the Defendants.  Plaintiff, Chris Conyers ("Conyers"), is over the age of nineteen (19), is a resident of the State of

2

Alabama, currently a resident of Madison County, Alabama, and is not currently employed by the Defendants.  Plaintiff, Shannon Pease ("Pease"), is over the age of nineteen (19), is a resident of the State of Alabama and is currently not employed by Defendants.

6.     During all times relevant to this Complaint, the Plaintiffs Page, Nunn, Deerman, Pease and Conyers were employees of the Defendants and were subject to the full protection of the Fair Labor Standards Act.

B.  Defendants

7.     The corporate Defendants own and operate two restaurants doing business as "I Love Sushi, Inc." in Huntsville, Alabama and in Madison, Alabama. The Defendants are enterprises engaged in interstate commerce for the purposes of the Fair Labor Standards Act, each with annual gross sales in excess of $500,000.00.  The corporate Defendants, I Love Sushi, Inc. and Xue's Brother, Inc., are both considered employers within the meaning of the Fair Labor Standards Act, 42 U.S.C. §203(d); they are not exempt under the Act.  The above corporations constitute a single employer as there are significant interrelations of operations between the two corporations, there is centralized control of labor relations, and the corporations have common ownership, management and financial control.  NLRB v. Browning-Ferris Industries of Pennsylvania, Inc., 691 F.2d 1117, 1122 (3rd Cir. 1982).  Defendants Deliang Xue (hereinafter "Donnie

Xue"), Dezheng Xue (hereinafter "Jim Xue") and Deqi Xue, (hereinafter "Johnny Xue") are owners and managers of Defendant corporations I Love Sushi, Inc. and Xue's Brother, Inc. and each of them act directly in the interest of the employer. 29 U.S.C. §206-207.

<u>FACTUAL ALLEGATIONS</u>

8.     During the past three years and longer, Defendants have had a practice of paying Page and Pease, and others similarly situated, $2.13 per hour for straight time work and $5.76 for overtime work.  Defendants required Page and Pease, and other servers similarly situated, to participate in a tip pool.  Defendants required Page and other servers to contribute 2% of their gross sales to a "tip out." When the tip out was distributed, part of the money was given to cooks and dishwashers in the back portion of the restaurants.  On information and belief, at least 30-35% of the tip out went to certain of the "back of the house" cooks and dishwashers. The cooks who received the tip out did not have any duties required under the FLSA for tipped employees, or interactions with customers.

9.     Plaintiffs Page and Pease, and others similarly situated, were servers at the corporations' restaurants in Huntsville and Madison, Alabama.  Page started in June or July, 2013, in the Huntsville restaurant and worked as a server until December 14, 2016, at which time he began working at Defendants' Madison

location until March 6, 2016.  Pease worked as a server between August, 2015 and September, 2016.

10.    Plaintiff Nunn was employed by the Defendants at the Huntsville location beginning in July, 2015, and resigned his employment on or around December 31, 2016.  Plaintiff Deerman is an adult resident of the State of Alabama, residing in Madison County.  Deerman was employed by the Defendants at the Huntsville location beginning in or around September, 2012, and transferred to Madison in September, 2014, working at the Madison store until July, 2015, then returning to Huntsville in July, 2015, and working there as a server until October, 2016.  Nunn was an hourly paid manager for Defendants.  Deerman was paid a salary for time spent as a manager but was subject to improper deductions by the Defendants and, therefore, he was not paid on a "salary basis," thus precluding Defendants from asserting that Deerman was exempt from the overtime and minimum wage requirements of the FLSA.  Plaintiff Conyers was an hourly paid cook for Defendants at the Huntsville location.

11.    Plaintiff Conyers and others similarly situated are "back of the house" cooks at Defendants' restaurants in Huntsville and Madison, Alabama.

12.    Despite being a manager of Defendants and despite working in a supervisor capacity, Plaintiff Nunn was not paid a salary and worked many hours over 40 hours in the workweek without being properly paid overtime.  Likewise,

Deerman in his "manager" job in Madison was not properly paid overtime for hours that he worked in the workweek.

13.    Plaintiffs Nunn and Deerman complained to the Defendants regarding not properly being paid overtime.  Moreover, on information and belief, numerous other employees of Defendants complained about not being paid overtime.  No similarly situated managers were paid overtime in either the Huntsville or the Madison location despite working numerous overtime hours.

14.    Plaintiff Conyers began working for Defendants on September 21, 2014 and, until January 15, 2016, worked by the hour as a "back of the house cook" for hours well in excess of 40 hours in the workweek for virtually all of the weeks that he worked for Defendants.  Conyers was not paid overtime for hours worked over 40 in a workweek.  Conyers frequently complained to the owners about not receiving overtime.  He also complained in writing on May 5, 2016 about not receiving overtime for which he was paid the amount of $5,000.00, only a portion of what he was owed by Defendants.  This payment was not approved by the Wage and Hour Division of the Department of Labor, nor was it approved by any court as part of wage and hour litigation.

15.    Throughout the Plaintiffs' period of employment with Defendants, Defendants willfully violated the FLSA by failing to keep adequate records showing all of the time they permitted or required Plaintiffs to work, and failing to

6

keep adequate records of Plaintiffs' wages, withholdings and overtime. Moreover, Defendants knowingly violated the Fair Labor Standards Act with respect to claims alleged herein.

16. None of the Plaintiffs were exempt from the protections of the Fair Labor Standards Act.

17. By requiring that the servers contribute to a tip pool, some of which was given to "back of the house" employees by Defendant, the tip pool was invalid. Therefore, Defendants are not entitled to the $5.12 tip credit they received the benefit of.

18. These practices violate provisions of the Fair Labor Standards Act 29 U.S.C. §201 et seq. As a result of these unlawful practices, the named Plaintiffs hereto suffered losses of wages and overtime and hereby submit their Consents to be Plaintiffs with this complaint.

19. Defendants are aware of all the requirements of the Fair Labor Standards Act, but violated them willfully. Moreover, on one or more occasions Plaintiffs have complained about violations of the Fair Labor Standards Act and Defendants' practices.

20. Defendants have not made a good faith effort to comply with the FLSA.

WHEREFORE, the Plaintiffs, individually, and on behalf of servers, managers, cooks and other similarly situated employees and former employees, pursuant to §216(b) of the FLSA, pray for the following relief:

A.    At the earliest possible time, they should be allowed to give notice or that the Court issue such notice to all servers, cooks and managers of Defendants at both locations during the three years immediately preceding filing of this lawsuit informing them that this action has been filed and the nature of the action and of their right to opt-in to this lawsuit if they worked overtime but were not purportedly compensated correctly pursuant to 29 U.S.C. §216(b).

B.    The class of Plaintiffs, whose Consents to Join Suit as Party Plaintiff have been incorporated by reference into this Complaint, should be awarded damages in the amount of their respective unpaid compensation and benefits plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b) and/or pre-judgment interest.

C.    Plaintiffs' reasonable attorney's fees, including the costs and expenses of this action.

D.    Such other legal and equitable relief to which Plaintiffs may be entitled and Plaintiffs further demand a trial by struck jury on all issues in this case.

Respectfully submitted,

*Attorneys for Plaintiffs*

/s/  John A. Wilmer
John A. Wilmer (ASB-7110-R73J)

/s/ Walter A. Kelley
Walter A. Kelley (ASB-8687-L54W)

**OF COUNSEL:**
WILMER AND LEE, P.A.
100 Washington Street, Suite 200
Huntsville, Alabama 35801
256-533-0202 (Telephone)
256-533-0302 (Facsimile)
jwilmer@wilmerlee.com
wkelley@wilmerlee.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY
ON ALL ISSUES TRIABLE TO A JURY**

PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AT THE
FOLLOWING ADDRESSES:

I Love Sushi, Inc.
c/o Dezheng Xue
2525 Oak Place Drive
Huntsville, AL  35803

Xue's Brother, Inc.
c/o Deliang Xue
577 Farminghdale Road
Huntsville, AL  35803

Dezheng ("Jim") Xue
2525 Oak Place Drive
Huntsville, AL  35803

Deliang ("Donnie") Xue
577 Farminghdale Road
Huntsville, AL  35803

Deqi ("Johnny") Xue
1015 Antietam Road
Huntsville, AL  35803