UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

BEN PAGE, et al.,

    Plaintiffs,

v.

I LOVE SUSHI, INC., et al.,

    Defendants.

5:17-cv-01146-MHH

## JOINT MOTION TO APPROVE SETTLEMENT

COME NOW all Plaintiffs and Defendants to jointly move the Court to approve their Settlement Agreement. In support of this motion, Parties state as follows:

## INTRODUCTION

1. Plaintiffs initiated this action against Defendants, alleging that Defendants failed to satisfy their minimum wages and overtime wages obligations in violation of the FLSA.

2. Plaintiffs believe that the cause of action, allegations, and contentions asserted in this action have merit and that the evidence developed to date supports the cause of action asserted. Defendants deny Plaintiffs' allegations. As such, this is a highly disputed claim. However, the Parties recognize and acknowledge that

the expense in time and money of litigation, the uncertainty and risk of litigation, as well as the difficulties and delays inherent in such litigation, make settlement of this matter a mutually appealing resolution.

3. Accordingly, the Parties have entered into the Settlement Agreement set out herein below to resolve the Plaintiffs' claims for back wages. Pursuant to applicable Eleventh Circuit precedent, this Court is empowered to review and approve the provisions of such settlement agreements in actions brought for back wages under the FLSA. *See Lynn Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982). Because the Parties have agreed that the terms reflected in the Agreement are mutually satisfactory, and that they represent a fair and reasonable resolution of a bona fide dispute, the Parties respectfully request that the Court approve the Settlement Agreement.

4. In support of this joint request that the Court approve the Parties' Settlement Agreement, Plaintiffs submit that they are satisfied that they will be reasonably compensated under the terms of the Settlement Agreement for the alleged unpaid back wages to which they claim to be entitled. Additionally, Plaintiffs' counsel represents that: (a) Plaintiffs fully understand the Agreement; and (b) Plaintiffs have consulted with their counsel of record before signing the Agreement and have entered into it knowingly and voluntarily.

WHEREFORE, the Parties respectfully request that this Court approve the Settlement Agreement as a fair and reasonable compromise of disputed issues under the FLSA.

## **MEMORANDUM OF LAW**

5.  Employees can settle and release claims under the FLSA in two ways. First, employees can settle and waive their claims under the FLSA if the Secretary of Labor supervises the payment of unpaid wages by the employer to the employee. See 29 U.S.C. § 216(c) (2008); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under the FLSA (as is the case here), an employee may settle and release FLSA claims if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353; *see also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946) (discussing propriety of allowing settlement of FLSA claims where district court has reviewed terms of settlement agreement).

6.  In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who

can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

7. In the instant action, the Court should approve the Parties' Settlement Agreement to resolve Plaintiffs' FLSA claims against Defendants. The proposed Settlement Agreement arises out of an action that was adversarial in nature. The parties vigorously disputed the merits of this case, with Plaintiffs contending that Defendant violated Plaintiffs' minimum wage and overtime wage rights as tipped employees and Defendants disputing Plaintiffs' factual allegations. During the litigation and settlement of this action, Plaintiffs and Defendants were represented by competent and experienced attorneys who are well versed in this area of the law. Plaintiffs and their counsel discussed their alleged minimum wage and overtime wage claims, and formulated proposed settlement figures. The parties then engaged in settlement discussions, both before and during mediation, based upon their independent calculations and analysis.

8. The parties entered into this settlement in recognition of the risks inherent in any litigation -- specifically, for Plaintiffs, the risk of no recovery, and

for the Defendants, the risk of a verdict against it on the merits. Because of these risks, the Settlement Agreement, which was reached after a lengthy mediation, and provides for significant compensation to Plaintiffs, as well as a payment of attorneys' fees and costs to their counsel for prosecuting this matter, represents a fair and reasonable compromise of this matter.

9. Because the Settlement Agreement represents a fair and reasonable compromise over bona fide FLSA wage disputes and was negotiated at arms' length both before and during mediation, the Court should approve this settlement.

## SETTLEMENT AGREEMENT

10. <u>Payment</u>: The Defendants will pay a total of $75,000.00 to Wilmer & Lee, as attorneys for the Plaintiffs, as follows: $35,000.00 within 10 calendar days of the court's approval of this agreement, followed by 6 consecutive, monthly payments of $6,666.67, with the first being made 30 days after the $35,000.00 payment referenced herein. This payment is intended to fully resolve all the Plaintiffs' damages claims in this action, including their claim for attorneys' fees and costs. The settlement of $75,000.00 is significantly lower than the damages sought by the Plaintiffs. The settlement was driven by Plaintiffs' concern that Defendants, both corporate Defendants and individual Defendants, lacked the ability to pay a larger amount and that a larger verdict would drive Defendants into bankruptcy. Accordingly, Plaintiffs have allocated $49,575.54 out of a possible

$397,901.80 to split ratably among the Plaintiffs. Of the balance of $75,000, $25,424.46 will be divided between attorney's fees and costs, based on the chart below:

| Plaintiff | Damages Amount | % of total damages | Amount of distribution |
|---|---|---|---|
| Bonita McCormack | 2,362.36 | 0.59 | $ 292.50 |
| Asia White | 41,645.46 | 10.47 | $ 5,190.56 |
| Joie Hall | 6,234.80 | 1.57 | $ 778.34 |
| Jason Deerman | 33,069.24 | 8.31 | $ 4,119.73 |
| Josh Nunn | 69,962.40 | 17.57 | $ 8,710.42 |
| Ben Page | 53,067.98 | 13.36 | $ 6,623.29 |
| Elise Humeston | 74,195.64 | 18.64 | $ 9,240.88 |
| Chris Chancellor | 32,580.30 | 8.19 | $ 4,060.24 |
| Cassy Clugston | 10,844.16 | 2.73 | $ 1,353.41 |
| Christina Chancellor | 7,862.28 | 1.97 | $ 976.64 |
| Shannon Pease | 15,724.54 | 3.95 | $ 1,958.23 |
| WeghataTewolde | 40,598.02 | 10.2 | $ 5,056.71 |
| Tamitha Broadway | 9,754.62 | 2.45 | $ 1,214.60 |
| | | | |
| TOTAL | 397,901.80 | 100 | $ 49,575.54 |
| | | | |
| 28% of $75,000 = | $ 21,000.00 | | |
| Costs = | $ 4,424.46 | | |
| Total to Plaintiffs' Attorneys for fees and costs | $ 25,424.46 | | |

11. <u>Waiver, Release, and Dismissal:</u> The Plaintiffs and the Defendants hereby knowingly and voluntarily release, acquit, and discharge one another from any and all claims that relate or originate in any way from their former employee/employer relationship, including specifically but not exclusively and any and all claims or potential claims arising from the conduct alleged or referenced by any party in the record of the above-referenced action. Absent a court order, no party

to this Agreement shall ever participate in any litigation against another, whether as a party, consultant, witness, or member of a certified class. Simultaneous with its approval of this Agreement, the Plaintiffs and Defendants ask the court to dismiss this action with prejudice.

12.     No Admission of Liability or Lack of Merit:     The Plaintiffs and the Defendants each understand and agree that this Agreement is only intended to compromise and settle their respective claims and defenses, and shall not be construed as evidence of any fact at issue in this action, or any fact recited herein, other that as evidence of the existence of the Agreement itself. This Agreement is not intended to constitute and shall not be construed as constituting either an admission of the merit of any claim or defense made by any party or in either of the above referenced actions. Likewise, this Settlement Agreement is not an admission of fault, wrongdoing, or liability by any party.

13.     Assignment: The Plaintiffs and Defendants each warrant that they have not previously assigned or transferred any part of a claim released herein. If any such assignment or transfer has occurred, the assigning or transferring party shall defend, indemnify and hold harmless the other parties to this Agreement from and against any claim based on or arising out of any such assignment or transfer.

14.     Merger:     Other than as set forth expressly in this Agreement, the Plaintiffs and the Defendants agree that no other party, or any agent or attorney of

any party, has made any promise, representation or warranty whatsoever express or implied not contained herein concerning the subject matter hereof to induce it to execute this document and each party acknowledges that it has not executed this document in reliance on any such promise, representation, or agreement herein, whether expressed or implied is intended or to be construed to confer any rights or remedies whatsoever, except as expressly provided in this Agreement. This written Settlement Agreement contains the entire understanding between the Plaintiffs and the Defendants in consideration with the issues recited herein, and the written terms of this Agreement shall supersede and replace all prior negotiations, agreements, or representations, whether oral or written. No modification or subsequent agreement altering the scope of the written terms of this Agreement shall be valid unless made in writing signed by the Plaintiffs and the Defendants.

15.     Choice of Law:   This Agreement shall be construed in accordance with the laws of the State of Alabama.

16.     Attorneys' Fees:   In the event of any breach or dispute concerning this Agreement or the enforcement of any of its terms, the Plaintiffs and the Defendants agree that the breaching party shall pay all of the costs incurred by virtue of the breach, dispute, or enforcement including specifically but not exclusively the non-breaching party's (or prevailing party's) attorneys' fees.

17. <u>Waiver of *Contra Proferentum*</u>:   The terms of this Agreement have been reviewed by the Plaintiffs, the Defendants, and their respective counsel and have been freely negotiated at arm's length. The Plaintiffs and the Defendants hereby acknowledge that the terms of this Agreement do not contain any patent or latent ambiguity. The Plaintiffs, the Defendants, and their respective counsel being of equivalent degrees of sophistication, this Agreement shall be construed as if all Parties jointly prepared it.

18. <u>Capacity</u>:   Each of the individuals signing this Agreement including those signing in a representative capacity warrant that they have due capacity and authority to execute the same and agree to indemnify and hold all other parties completely harmless for any lack of due capacity or authority.

19. <u>Partial Individuality</u>:   Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid the validity of the remaining parts, terms, or provisions shall not be affected thereby and any illegal or invalid part, term, or provision shall not be deemed to be a part of this Agreement.

WHEREFORE, the premises considered, the parties jointly and respectfully request that this Court approve the Settlement Agreement of the parties, which represents a reasonable compromise of a bona fide dispute under the FLSA. Upon approval, the parties move the court to dismiss this action with prejudice.

Respectfully submitted this the 12th day of August, 2019.

   _s/ Timothy P. Pittman_____
Timothy P. Pittman (PIT037)
Attorney for the Defendants
**RUBIN LUBLIN, LLC**
200 Clinton Avenue West, Suite 406
Huntsville, AL 35801
Tel:   (678) 281-2972
Fax:   (404) 921-9016
tpittman@rubinlublin.com


   _s/ John A. Wilmer_____
John A. Wilmer
Walter A. Kelley
Attorneys for the Plaintiffs
**Wilmer & Lee, P.A.**
100 Washington Street
Huntsville, AL 35801
jwilmer@wilmerlee.com
wkelley@wilmerlee.com